Filed 8/21/14  P. v. Feliciano CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040727 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS111352A) |
| v. | |
| JAMIE FELICIANO, | |
| Defendant and Appellant. | |

Pursuant to a negotiated disposition, Jamie Feliciano (defendant) pleaded no contest to one count of recklessly evading an officer while operating a motor vehicle (Veh. Code, § 2800.2, subd. (a), count one); one misdemeanor count of possession of methamphetamine (Health & Saf. Code, former § 11377, subd. (a), Stats.2008, ch. 292, § 3, count two); and one count of hit and run causing property damage (Veh. Code, § 20002, subd. (a), count three).  In exchange for her no contest pleas, defendant was promised felony probation and the dismissal of several other counts.

Subsequently, on October 5, 2011, the court suspended imposition of sentence and placed defendant on probation for three years on various terms and conditions including drug testing.  The court ordered that defendant serve two days in county jail, with credit for time served.  The court imposed various fines and fees.  On motion of the prosecutor, the court dismissed several other counts.

On October 19, 2011, the probation department filed a petition to revoke defendant's probation based on a positive drug test.  On October 21, 2011, defendant admitted the probation violation.  On November 23, 2011, the court revoked and then

reinstated defendant's probation on the same terms and conditions. The court ordered that defendant serve 120 days in county jail and awarded defendant 77 days of custody credits.

On December 24, 2013, the probation department filed another petition to revoke defendant's probation based on defendant's commission of a theft (Pen. Code, § 484) in case No. MS317650A.[1] On January 17, 2014, defendant was found in violation of her probation in this case based on her plea of no contest in case No. MS317650A.

On February 14, 2014, the court revoked and reinstated defendant's probation. The court imposed a jail term of 165 days with credit for time served of 165 days. In the misdemeanor case the court imposed a consecutive county jail term of 10 days, with no credit for time served.

Defendant filed a notice of appeal on February 25, 2014, in which she appealed from the judgment based on the ground that the court had committed sentencing error.

Defendant's appointed counsel has filed an opening brief in which no issues are raised. Counsel asks this court to conduct an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel has declared that he advised defendant that this court will notify her that appointed counsel has filed a *Wende* brief and give her the opportunity to inform this court of any issues she wishes to bring to our attention.

---

[1] According to the probation officer's supplemental report prepared for sentencing in case No. MS317650A, the Salinas Police responded to the Walmart store located on Main Street in Salinas in regard to a theft. The store's loss prevention officer had observed defendant select some men's clothing and various other items and conceal them in a backpack. Defendant approached a cash register and paid for some items that she had not concealed, but left the store without paying for the concealed items. The loss prevention officer asked defendant to return to the store where she admitted to taking the concealed items.

On June 10, 2014, by letter, we notified defendant of her right to submit written argument on her own behalf within 30 days. That time has passed and we have not received a response from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded there are no arguable issues on appeal. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*Id*. at p. 110.) Further, we include information about aspects of the trial court proceedings that might become relevant in future proceedings. (*Id*. at p. 112.)

*Facts and Proceedings Below[2]*

On July 16, 2011, at approximately 9:43 p.m., Salinas police officers saw defendant driving a vehicle at a high rate of speed while making unsafe lane changes and weaving through traffic. While one officer pursued defendant, other officers saw defendant pass their vehicle at a speed in excess of 50 mph. Defendant ran a red light, screeched around a corner at high speed, ran a stop sign, and then collided with a parked truck. Defendant got out of the vehicle and tried to run away, but was caught by the police. When the police searched defendant's vehicle before it was towed, they found a handbag that contained a glass pipe with methamphetamine residue, as well as a small bindle of methamphetamine. A check of defendant's driving record revealed that defendant's license had been suspended for being a negligent driver.

On July 21, 2011, the Monterey County District Attorney filed a felony complaint in which defendant was charged with two felony offenses—recklessly evading an officer while operating a motor vehicle (Veh. Code, § 2800.2, subd. (a), count one) and transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a), count two) and five misdemeanor offenses—hit and run causing property damage (Veh. Code,

---

[2]     The facts are taken from the probation officer's report.

§ 20002, subd. (a), count three), resisting arrest (Pen. Code, § 148, subd. (a)(1), count four), possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a) count five), and two counts of driving on a suspended license (Veh. Code, § 14601.1, subd. (a), count six and § 14601, subd. (a), count seven).

On July 27, 2011, defendant entered not guilty pleas to all counts.

On August 24, 2011, pursuant to a negotiated disposition, the prosecutor amended count two to a misdemeanor violation of Health and Safety Code section 11377, subdivision (a). Before defendant entered her no contest pleas, she executed a "WAIVER OF RIGHTS PLEA OF GUILTY/NO CONTEST" form, in which she was advised of her constitutional rights to a jury trial, to present a defense, and to confront witnesses, and her right against self-incrimination. Defendant waived those rights. Defendant was advised of the immigration consequences of her plea and that the maximum possible sentence for the offenses to which she was pleading was three years.

Upon our independent review of the record, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal. Defendant received the sentence she was promised; and the record indicates that she was informed of and knowingly and intelligently waived her constitutional rights before she entered her pleas. Defendant admitted that she had violated her probation by failing to abstain from drug use and by taking items from Walmart without paying for them.

*Disposition*

The judgment is affirmed.

_____

ELIA, J.

WE CONCUR:


_____

PREMO, Acting P. J.


_____

MIHARA, J.